Thomas R. GREEN, Plaintiff/Appellant,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant/Appellee.

No. 82–4221
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1982.
Rehearing and Rehearing En Banc
Denied Feb. 8, 1983.
Certiorari Denied April 18, 1983.
See 103 S.Ct. 1790.

Laurel G. Weir, Philadelphia, Miss., for plaintiff/appellant.

George Phillips, U.S. Atty., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant/appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This appeal seeks review of a "final decision" of the Secretary of Health and Human Services which denied Green's claim for disability insurance benefits and supplemental security income. Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3). Because we find that the evidence was sufficient to sustain the Secretary's decision and that the Secretary utilized proper procedures in reaching his decision, we affirm.

Thomas Green, born on June 28, 1928, has been employed primarily as an electrical power lineman and a telephone lineman. He has a high school education. Green alleged disability beginning in 1978 caused by alcoholism and manic depression, as well as a vision problem that had been present since 1947 and a skin rash. Green filed for disability insurance benefits and supplemental security income on June 19, 1979. His application was denied both initially and on reconsideration by the Social Security Administration. At a hearing requested by the claimant, the ALJ considered the case *de novo* and found that Green was not disabled. The ALJ's decision was approved by the Appeals Council on May 13, 1980.

Green sought judicial review of the Secretary's decision. The case was referred to a United States Magistrate for disposition and a final order affirming the decision of the Secretary was entered.

Green asserts as his first basis for appeal that the Secretary's decision is not supported by substantial evidence. *See Rodriguez v. Schweiker,* 640 F.2d 682, 685 (5th Cir.1981). To meet this standard, the record must contain such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Anderson v. Schweiker,* 651 F.2d 306, 308 (5th Cir.1981). An appellate court may not reweigh the evidence or substitute its judgment for that of the Secretary. *Davis v. Schweiker,* 641 F.2d 283, 285 (5th Cir.1981). To qualify for disability or disability insurance benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). The burden is on the claimant to demonstrate that he is no longer capable of performing his past work. *Wilkinson v. Schweiker,* 640 F.2d 743, 744 (5th Cir.1981). If the claimant satisfies his burden, the burden shifts to the Secretary to show that the claimant is capable of engaging in some type of substantial gainful activity. *Ferguson v. Schweiker,* 641 F.2d 243, 246 (5th Cir.1981).

On February 26, 1979, the Secretary of Health and Human Services instituted a systemized procedure for sequentially evaluating a claim and determining whether or not a claimant is disabled. On that date, a series of regulations became effective which made the Secretary's determination more objective and efficient. 20 C.F.R. §§ 404.-1501–404.1539 (1980). 20 C.F.R. § 404.1503 provides the Secretary with the sequential steps necessary to make a finding regarding disability. Initially, if a claimant is presently involved in substantial gainful activity, the inquiry ceases and the claimant is declared not disabled. 20 C.F.R. § 404.-1503(b). If the claimant does not have a severe physical or mental impairment, the claimant is not considered disabled. § 404.-1503(c). If an individual's impairment meets the durational requirement of at least 12 months found in 42 U.S.C. § 423(d)(1)(A) and is listed in appendix 1 of the regulations or is determined to be the medical equivalent of a listed impairment, the claimant is considered disabled. § 404.-1503(d). If a finding of disability *vel non* cannot be determined by these previous steps, but the claimant does have a severe impairment, the Secretary then must evaluate the claimant's "residual functional capacity." Residual functional capacity is the degree to which an individual can function limited by his physical or mental impairment. § 404.1505(a). The Secretary must then evaluate the physical and mental demands of the claimant's past relevant work. § 404.1503(e). If the claimant can meet the demands of his past relevant work, there must be a finding of no disability. § 404.-1503(e). If, however, the claimant cannot perform past relevant work because of a severe impairment, but he is capable of meeting a significant number of jobs in the national economy and the claimant is able to adjust to those different types of work, then there is no disability. § 404.1503(f). If the claimant cannot adjust to such different work, then he is considered to be disabled. *Id.*

If a claimant is found not able to perform his past relevant work, the Secretary must then examine the claimant's age, education and work experience as well as his functional limitations. § 404.1504(c). The Secretary may determine a claimant's residual functional capacity solely upon relevant medical findings. § 404.1505(a). If these findings are insufficient for an adequate assessment, however, other factors may be considered. *Id.*

In the present case, the inquiry stopped at the second level. § 404.1503(c). Green was not found to have a severe physical or mental impairment; therefore, he was not considered disabled.

Green had been examined by several physicians and had received medical attention from several sources prior to his application for disability benefits. The medical evidence from the Mississippi State Hospital, Whitfield, Mississippi, reveals that the claimant was treated for paranoia on admission, but was discharged in good physical condition in 1961. He returned to the same hospital in 1967 and was discharged with a diagnosis of alcoholism without psychosis. At the time of the discharge, he was in good physical and mental condition. In 1972, Green returned to the Mississippi State Hospital. He was diagnosed as manic depressive and was treated with Lithium. On his release, he was thought to be in complete remission. In 1978, he was admitted to the East Mississippi State Hospital after being jailed for intoxication. At that time, he was treated with Lithium Carbonate and diagnosed as having a cyclothymic personality and as being addicted to alcohol. On his discharge, he was described as in good condition, verbalizing freely and with good concentration. On June 6, 1979, Green was treated for a skin rash by Dr. J.H. Scott, a general practitioner, who diagnosed his rash as chronic and noted that Green had not been able to return to work.

Green underwent a psychiatric examination on August 6, 1979, by Dr. Buren S. Smith, a Board-Certified Psychiatrist. Smith diagnosed depressive neurosis with anxiety and alcoholism. At the time of his examination, claimant appeared to be of average intelligence with an average fund of general knowledge. He was correctly oriented as to time, person, place and situation. As a result, Dr. Smith considered claimant's symptoms to be of only moderate degree and stated that Green showed only moderate impairment in his ability to relate to other people.

In that same month, Green was treated by Dr. Roy M. Barnes, a general practitioner, for a contact dermatitis associated with concrete dust. Though the rash improved with treatment, it later became worse and Green had to quit his job because of it. In September of 1979, Green was again admitted to the Mississippi State Hospital, Whitfield, Mississippi, with a diagnosis of alcohol addiction, depressive neurosis and skin rash. Green was treated with Haldol because of his slight confusion. After treatment, claimant was cooperative, and his concentration was good.

Green was last admitted to the Mississippi State Hospital in November of 1979 for treatment of alcoholism. The claimant completed the treatment program and was discharged in good physical condition without medication. During this period, Green underwent a psychological evaluation. Psychologist Raymond A. Johnson interpreted the results and found that the claimant was adequately motivated and of average intelligence.

Subsequent to the administrative hearing, a consultative examination of Green was conducted by Dr. Louis J. Wise, a Board-Certified Dermatologist and Internist. His examination revealed folliculitis, a inflammation of the follicles, on Green's chest, back, shoulders, neck, face, and scalp. Dr. Wise pointed out that such a disorder is quite responsive to treatment and usually does not disrupt an individual's ability to work except in presence of excessive heat or irritating chemical exposure.

We find that the preceding evidence constitutes far more than the "mere scintilla" required to sustain the Secretary's findings. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). It is well settled that written medical reports by licensed physicians who have examined the claimant may constitute "substantial evidence" in a Social Security case. *Perales,* 402 U.S. at 402, 91 S.Ct. at 1427–1428. On this basis we hold that the findings of the Secretary that Green was not disabled are supported by substantial evidence in the record.[1]

---

1. In reaching this decision, we point out that the mere existence of conflicting testimony in the record does not mandate remand. Conflicts in testimony are to be resolved by the Secretary and not the Court. *Laffoon v. Califano,* 558 F.2d 253, 254–55 (5th Cir.1977).

Green argues as his second basis for appeal that the Secretary did not take into account the fact that pain could result in disability in his decision. Green bases his argument on the assumption that the ALJ took the position that pain is not disabling. From that, Green infers that the ALJ relied on an erroneous principle of law. We point out first, however, that merely because a decision is adverse to the claimant does not mean that the ALJ did not consider his pain. Moreover, while pain alone can be disabling, *see Benson v. Harris,* 638 F.2d 1355 (5th Cir.1981); *Simmons v. Harris,* 602 F.2d 1233 (5th Cir.1979); *DePaepe v. Richardson,* 464 F.2d 92 (5th Cir.1972), ordinarily subjective evidence of pain must be corroborated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). There is evidence in the record which suggests an absence of weight loss, impairment of general nutrition or other physical factors which are present in individuals suffering constant and severe pain. The medical evidence also showed that Green retained the functional capacity to perform substantial gainful activity. Thus, we find that Green's claim is without merit.

Green argues finally that the Secretary failed to meet his burden of proof by failing to present the testimony of a vocational expert to prove that a *prima facie* disabled claimant could do other work available in the national economy. As we pointed out in our discussion of Social Security regulations, however, once a claimant has been found not disabled, inquiry ceases. Such is the case here. The testimony of a vocational expert is only required, if at all,[2] when a claimant has met its *prima facie*

---

Claimant relies on *Byrd v. Richardson,* 362 F.Supp. 957 (D.S.C.1973), for the proposition that the ALJ must give reasons for disregarding medical testimony. We point out first, that we are obviously not bound by the decision of a South Carolina trial court. Second, in that case, the hearing examiner had knowledge from reports before him of medical reports bearing directly on the alleged impairment. On that basis, the court held that he should have specifically requested those records and remanded to the Secretary for the purpose of obtaining and considering those records. The facts of *Byrd* are therefore not applicable here.

burden of showing disability. *See Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir. 1981). Because the ALJ had determined that Green was not disabled, and on the basis of our decision in *Rivers,* we hold that the ALJ was under no obligation to present the testimony of a vocational expert. Judgment below was correct.

AFFIRMED.

---

2. This court recently held, in Judge Randall's exhaustive and scholarly study of the new Social Security regulations in *Rivers v. Schweiker,* 684 F.2d 1144 (5th Cir.1982), that "there is no requirement in the Act that the Secretary present direct vocational testimony to sustain his burden of persuasion that there is other substantial gainful employment in the economy which the claimant can perform." *Id.,* at 1155. *See Salinas v. Schweiker,* 662 F.2d 345, 348–49 (5th Cir.1981). *Contra Campbell v. Schweiker,* 665 F.2d 48, 53–54 (2d Cir.1982), *cert. granted,* —— U.S. ——, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982).