Irwin M. CALLAIS, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 82–3199
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1982.

Barker, Boudreaux, Lamy, Gardner & Foley, Lawrence A. Arcell, New Orleans, La., for plaintiff-appellant.

W. Glenn Burns, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The claimant Callais appeals from a judgment of the district court that affirmed the Secretary's denial of disability benefits under the Social Security Act. We affirm, finding that the Secretary's decision that Callais suffers from no "severe" or significant physical impairment is supported by substantial evidence, and that in absence of such significant impairment to perform basic work-related functions, a claimant is not considered disabled within the meaning of the Act.

Callais, born in 1926, reinjured his back in 1977. The medical evidence of the three doctors undoubtedly shows that Callais is disabled from the performance of his usual occupation of manual labor in the oil fields, by reason of a chronic recurring lower back syndrome associated with a history of disc surgery. However, of the three physicians who examined or treated him, two of them were of the opinion that Callais could perform light to sedentary work, while one of them felt that Callais should not return to work until further diagnostic studies were performed (which Callais has persistently declined to subject himself to).

At the hearing before the Administrative Law Judge (ALJ), Callais testified that he suffers severe and persistent back pain. However, his admission at this hearing that slight medication was necessary for relief of his back pain (a few aspirin tablets every three or four days or so, when his back gives him too much trouble, R. II, pp. 24–25), tends to corroborate the opinion of an examining orthopedist that Callais exhibited no clinical evidence of the symptoms of the lower back syndrome at the time of the examination and that there was normal flexion of the back without discomfort for the performance of light to sedentary type work that did not require prolonged standing, walking, or stopping, or lifting of loads in excess of 25 pounds on a consistent basis.

The claimant Callais argues that the Secretary failed to sustain his burden of proving that appellant is capable of performing work that currently exists in the national economy. 42 U.S.C. § 423(d). Further, he asserts that the ALJ: (1) ignored the medical reports, (2) gave undue weight to a short visual inspection of the claimant at the hearing, and (3) unjustifiably attributed little credibility to the appellant's testimony as to his pain.

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g); see Richardson v. Perales, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1477, 28 L.Ed.2d 842 (1971); Oldham v. Schweiker, 660 F.2d 1078, 1083 (5th Cir.1981). Substantial evidence means "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Oldham, id. However, "although the Secretary's decision must be supported by substantial evidence, the burden is upon the claimant to prove disability." Id. To establish a prima facie case of disability, the claimant must show that he can no longer perform his former work. The burden then shifts to the Secretary to show that there is other substantial gainful employment in the national economy that the claimant can perform. Ferguson v. Schweiker, 641 F.2d 243, 246 and nn. 2, 3 (5th Cir.1981); Fruge v. Harris, 631 F.2d 1244, 1246 (5th Cir.1980).

In the instant case, the claimant met his burden of showing that he can no longer perform his former work. Nevertheless, the relevant medical evidence, specifically the reports of the physicians who examined Callais, indicates that he does not suffer from an impairment severe enough to prevent him from engaging in light or sedentary employment. The medical evidence suggests that the injury to Callais' back has

not substantially affected his range of motion, which is within normal limits. Further, we cannot say that the ALJ erred in his credibility determination as to lack of disabling pain, based in part upon the claimant's testimony that he does not take the types and quantities of medication sufficient to lend credible support to his claim of constant pain. Based upon this evidence, and in part upon his credibility evaluation of the claimant, the ALJ found that the claimant does not have any impairment or impairments that would significantly limit his ability to perform basic work-related functions in light or sedentary work.

The claimant contends that, nevertheless, the Secretary failed to sustain his burden of proving, such as by vocational testimony, that Callais is capable of performing work that currently exists in the national economy. Under the applicable regulations then in effect, 20 C.F.R. §§ 404.1503(c) and 404.-1504,[1] relied upon by the ALJ, in the absence of a significant or "severe" impairment to perform basic work-related functions, a finding may be made that the individual is not under a disability as defined

by the Act, without the necessity of vocational evidence. *See Perez v. Schweiker,* 653 F.2d 997, 999 (5th Cir.1981).

Thus, if the administrative finding of lack of significant impairment is supported by substantial evidence, the claimant has not proved his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment", 42 U.S.C. § 423(c)(1)(A), the statutory test for a disability that entitles a claimant to benefits by reason thereof.

The record contains substantial evidence to support the Secretary's factual determination that the claimant is not subject to any impairment that significantly limits his ability to perform sedentary or light labor. Although we might have reached a different conclusion, we as a reviewing court cannot reweigh the evidence or substitute our judgment for that of the Secretary. *See Millet v. Schweiker,* 662 F.2d 1199, 1201 (5th Cir.1981).

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.

1. 20 C.F.R. § 404.1503 (Nov. 28, 1978), then in effect, relevantly provided:

§ **404.1503 Considerations in the sequential evaluation of disability.**

(a) *General.* In the determination of whether or not an impairment in a particular case constitutes a disability as defined in § 404.1501, consideration is given to all the pertinent facts of that case. If the individual is engaging in substantial gainful activity, a determination that he or she is not disabled shall be made. In all other cases, <u>primary consideration is given to the physical or mental impairment(s), which must be severe.</u>

\* \* \* \* \* \*

(c) *Does the individual have any severe impairment?* Where an individual does not have any impairment(s) which significantly limits his or her physical or mental capacity to perform basic work-related functions, a finding shall be made that he or she does not have a severe impairment and therefore is not under a disability without consideration of the vocational factors.

\* \* \* \* \* \*

(Emphasis added.)

20 C.F.R. § 404.1504 (Nov. 28, 1978), then in effect, relevantly provided:

§ **404.1504 Determining whether disability exists—medical and other considerations.**

(a) *Medical considerations*—(1) *Finding individual not disabled.* Medical considerations alone can justify a finding that an individual is not under a disability where the medically determinable impairment is not severe. A medically determinable impairment is not severe if it does not significantly limit an individual's physical or mental capacity to perform basic work-related functions.

\* \* \* \* \* \*

(b) *Relevant work.* Any medically determinable impairment(s) may justify a finding that an individual is under a disability <u>if the impairment(s) is severe and prevents an individual from engaging in substantial gainful activity.</u>

\* \* \* \* \* \*

(Emphasis added.)

The regulatory scheme for determining disability is described in *Perez v. Schweiker,* 653 F.2d 997, 999–1000 (5th Cir.1981). After the hearing, the regulatory provisions were somewhat revised and renumbered, although substantially providing the same identical scheme. *See* 45 Fed.Reg. 55584, Aug. 20, 1980. The present equivalent of the former section appears to be 20 C.F.R. § 404.1520, *see especially* subsection (c). *See also* present §§ 404.1505, 404.1521.