Betty REDWINE

v.

Richard L. SCHWEIKER, Secretary of the Department of Health and Human Services.

Civ. A. No. H–81–2527.

United States District Court, S.D. Texas, Houston Division.

Aug. 4, 1983.

Jeffrey J. Skarda, Gulf Coast Legal Foundation, Welfare Section, Houston, Tex., for plaintiff.

Linda M. Cipriana, Asst. U.S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CIRE, District Judge.

This action was commenced by the Plaintiff, Betty Redwine, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of the Department of Health and Human Services (hereinafter referred to as the "Secretary") holding that Plaintiff is not disabled within the meaning of 42 U.S.C. § 1382, and therefore is not entitled to Supplementary Security Income benefits under Title XVI of the Act. Defendant has filed a motion for summary judgment, contending that the Secretary's decision is supported by substantial evidence. Plaintiff has filed a cross-motion for summary judgment, asserting that the applicable regulation, 20 C.F.R. § 416.922, is unconstitutional. Alternatively, Plaintiff asserts that the Secretary's decision is not supported by substantial evidence.

Plaintiff initially applied for Supplemental Security Income benefits on December 20, 1979, alleging disability due to chronic obstructive pulmonary disease and asthma. That application was denied. Plaintiff re-

quested and was granted a hearing before an Administrative Law Judge (hereinafter referred to as "the ALJ"). On January 31, 1981, after considering the entire matter *de novo,* the ALJ determined that Plaintiff was not disabled to such a degree as to establish entitlement to Supplemental Security Income benefits. This decision became the final decision of the Secretary when the Appeals Council approved the ALJ's determination on April 13, 1981. Since the initiation of the action *sub judice,* Plaintiff applied for and was granted benefits, beginning in August 1981. Therefore, the only issue under consideration is whether Plaintiff was disabled, and thus entitled to benefits from December 1979 to August 1981.

The standard of review under the Social Security Act is that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive .... " 42 U.S.C. § 205(g). *Callais v. Schweiker,* 694 F.2d 427, 428 (5th Cir.1982). Substantial evidence means "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir.1981). The Court may not reweigh the evidence or substitute its judgment for that of the Secretary. *Green v. Schweiker,* 694 F.2d 108, 110 (5th Cir.1982); *Rhynes v. Califano,* 586 F.2d 388, 390 (5th Cir.1978); *Laffoon v. Califano,* 558 F.2d 253, 254 (5th Cir.1977). Although the scope of review is very narrow, the record must be scrutinized in its entirety to determine whether substantial evidence does support the Secretary's findings. *Smith v. Schweiker,* 646 F.2d 1075, 1076–77 (5th Cir.1981); *Flowers v. Harris,* 616 F.2d 776, 778 (5th Cir.1980); *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir.1979).

■ The four elements of proof to be weighed in determining whether there is substantial evidence to support the Secretary's decision are:

(1) objective medical facts or clinical findings;

(2) diagnosis of examining physicians;

(3) subjective evidence of pain and disability as testified to by the claimant; and

(4) the claimant's age, education, and work history.

*Smith,* 646 F.2d at 1077; *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir.1980); *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir.1980); *DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972).

To qualify for disability or disability insurance benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determined physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

■ The initial burden is on the claimant to establish that he is no longer capable of performing his previous work. *Green,* 694 F.2d at 110; *Wilkinson v. Schweiker,* 640 F.2d 743, 744 (5th Cir.1981). If the claimant satisfies his burden, the burden shifts to the Secretary to show that the claimant is capable of engaging in some type of substantial gainful activity. *Green,* 694 F.2d at 110; *Ferguson v. Schweiker,* 641 F.2d 243, 246 (5th Cir.1981).

■ The Social Security Administration regulations provide for a systematized procedure for sequentially evaluating a claim and determining whether or not a claimant is disabled. 20 C.F.R. §§ 404.1501–404.-1539. Initially, the Secretary considers whether the claimant is disabled and if the impairment has met the durational requirement of at least twelve months. If the claimant is determined to be disabled, then the Secretary must evaluate the claimant's residual functional capacity. Residual functional capacity is the degree to which an individual can function given the limitations of his physical or mental impairment. The Secretary determines whether the claimant can perform his past relevant work. If the claimant is found not able to perform his past relevant work, the Secre-

tary must then examine his age, education, work experience, and functional limitations to determine if he is capable of meeting a significant number of jobs in the national economy. If the Secretary concludes that the claimant is able to return to his past relevant work or to adjust to different work, then there is no disability. *Green,* 694 F.2d at 110; *Rivers v. Schweiker,* 684 F.2d 1144, 1151–53 (5th Cir.1982); *Perez v. Schweiker,* 653 F.2d 997, 999 (5th Cir.1981).

Plaintiff was born on March 16, 1927 and completed the eighth grade in public school.

At the administrative hearing, Plaintiff testified that she gets dizzy and suffers from shortness of breath and that she was taking medication to control swelling in her hands, legs and feet. She stated that she smokes four or five cigarettes each day, down from two and one-half packs per day. She also testified that she suffers from chronic obstructive pulmonary disease. At the time of the hearing, Plaintiff was suffering from pneumonia. She cut her right arm, injuring a tendon, and as a result she has lost feeling in two fingers. She was involved in an automobile accident in 1980, and has since suffered from headaches and lower back pain. She developed a hematoma on the left buttock, which became infected. In December 1980, Plaintiff fractured her left ankle and underwent surgery to repair the fracture.

At the administrative hearing, the vocational expert classified Plaintiff's prior work as semi-skilled. The expert opined that Plaintiff had acquired skills from her past work experience which would be transferable to other occupations. In response to a hypothetical question, the expert stated that a person with Plaintiff's background and limitations could perform semi-skilled or unskilled jobs of a sedentary nature.

The medical evidence in this case is voluminous. Dr. David Blacklock performed pulmonary functional studies on Plaintiff and concluded that, despite her cephalgia and asthma, Plaintiff was capable of performing heavy work. Another pulmonary functional study was performed, and the result reflected only a mild restrictive de-

fect. The doctor, whose name is illegible, determined that the headaches presented only a minor problem and were amenable to treatment. Dr. Richard Williams treated Plaintiff for coughing and shortness of breath. He diagnosed her condition as congestive failure and chronic pulmonary obstructive disease. He advised Plaintiff to stop smoking and placed her on a diet.

Records submitted from Jefferson Davis Hospital reflect that, as of May 1979, Plaintiff's problems were the pulmonary disease and obesity. The doctors' conclusions as to Plaintiff's ability to perform substantially gainful activity were mixed. Several felt that Plaintiff could perform even heavy work, others felt that she could perform sedentary work, and still others felt that she was completely disabled.

Dr. James Raleigh diagnosed Plaintiff as suffering from chronic bronchitis and emphysema, and concluded that she was permanently disabled. Dr. Lee concluded that, due to the chronic obstructive pulmonary disease, Plaintiff could not perform strenuous work. In October 1980, Plaintiff underwent surgery for removal of an infected hematoma. Dr. David Turrell performed clinical tests on Plaintiff and found that the chronic obstructive pulmonary disease was under fair control and that her hypertension was being adequately treated.

The ALJ found that, although Plaintiff had been beset by a number of ailments during the relevant period, she was not disabled within the meaning of the Social Security Act. Specifically, the ALJ concluded that the Social Security Act prevented him from considering Plaintiff's ailments which were expected to last less than twelve months, in combination with those which lasted or were expected to last more than twelve months. The ALJ found that the only impairment of sufficient duration was the chronic obstructive pulmonary disease, but noted that Plaintiff's attacks had been infrequent. Plaintiff's failure to follow medical advice against smoking militated against a finding of disability due to shortness of breath. Further, the ALJ found that Plaintiff's only other significant

long-term impairment was hypertension, which was adequately controlled by medication. The gist of the ALJ's determination was that, although Plaintiff suffered from a number of short-term impairments, the duration of those impairments could not be combined for the purpose of finding that her impairments had lasted or were expected to last for twelve consecutive months.

■ The Court concludes that the Secretary's decision that Plaintiff's impairments of the requisite duration were not disabling is supported by substantial evidence. The ALJ found that Plaintiff's long-term impairments were adequately controlled and would not prevent her from performing light work. The ALJ also determined that Plaintiff's complaints of headaches, pain and other symptoms were simply not credible.

■ As an alternative ground in support of the motion for summary judgment, Plaintiff challenges the ALJ's refusal, pursuant to 20 C.F.R. § 416.922, to combine the duration of her short-term impairments as being contrary to the Social Security Act. Plaintiff contends that the language of 42 U.S.C. § 1382c(a)(3) contemplates "stacking" multiple impairments to fulfill the durational requirement. Therefore, the express regulation prohibiting "stacking" contradicts the statute. A close reading of the statute indicates that Plaintiff is in error. 42 U.S.C. § 1382c(a)(3)(A) provides that:

> "An individual shall be considered to be disabled for the purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental *impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.*"

(Emphasis added). The above-quoted section refers to "impairment" in the singular. In contrast, § 1382c(a)(3)(B), which governs the actual determination of disability, refers to "impairment" in both the singular and the plural. The conclusion to be drawn from this distinction is that Congress intended for each impairment to be considered singularly in determining whether the durational requirement is met, but intended for the impairments to be considered in combination for the purpose of determining whether the impairments are of sufficient severity to warrant a finding of disability. The regulation prohibiting the combination of impairments for the purpose of determining the durational requirement is consistent with the statutory language. Plaintiff's contention must be rejected as patently erroneous.

Plaintiff predicates her other arguments on the assertion that the regulation prohibiting stacking represents a change in prior law. Plaintiff asserts that the limited authority delegated to the Secretary to "... make such administrative and other arrangements ... as may be necessary or appropriate to carry out his functions ...," 42 U.S.C. § 1383b(a), is inadequate to sustain the alleged change in law.

■ The Secretary has been granted broad authority in promulgating regulations for the Social Security Act in 42 U.S.C. § 1302, for the administration of Chapter 7 of the Social Security Act. Moreover, the response to Plaintiff's Freedom of Information Act request indicates that 20 C.F.R. 416.922 was not a change in the regulatory evaluation procedure for determining disability. Rather, the respondent explained that § 416.922 merely represented a codification of an informal agency policy which had been in effect in prior years. *See* Plaintiff's Exh. No. A4. Therefore, explicit authority to merely codify a preexisting policy is not necessary, and the Secretary's reliance on its general grant of regulatory authority does not render the resulting regulations unconstitutional.

Moreover, the cases cited by Plaintiff in support of the contention that 20 C.F.R. § 416.922 represents a change in law do not sustain her position. A review of these cases indicates that impairments have been combined in the past solely for the purpose of determining the severity of an alleged disability. None of the cases support the allegation that "stacking" has been allowed for the determination of the durational re-

quirement. Simply stated, Plaintiff's challenge to the validity of 20 C.F.R. § 416.922 is without merit.

Accordingly, it is ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.