**Alvin D. JUSTICE**

v.

**Donna SHALALA, Secretary of Health and Human Services.**

**Civ. A. No. 1:93–CV–314.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 29, 1993.

---

Shimon Kaplan, Beaumont, TX, for plaintiff.

Steven MacArthur Mason, Asst. U.S. Atty., Tyler, TX, for defendant.

## MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

This action was commenced by the plaintiff, Alvin Justice, pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health and Human Services ("the Secretary"), holding that the plaintiff was not entitled to a period of disability from August 24, 1990 until May 31, 1991, within the meaning of 42 U.S.C. sections 416(i) and 423, and therefore was required to wait the five month period when he was determined to again have become disabled before being entitled to disability insurance benefits under Title II of the Act. The defendant contends that the Secretary's

determination is supported by substantial evidence.

Plaintiff applied for disability benefits under Title II on June 27, 1991, alleging disability due to AIDS. The plaintiff's application was granted, but the SSA determined that his disability began on May 31, 1991. The SSA denied plaintiff's request for a finding that he had undergone a closed period of disability between August 1990 and May 1991, and required plaintiff to undergo a five month waiting period before receiving benefits. Had the SSA found the existence of the period of disability plaintiff would not have been required to wait the five months before receiving benefits. 20 C.F.R. § 404.315(d).

Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). On November 27, 1992 after considering the entire matter *de novo,* the ALJ held that the plaintiff was not entitled to a closed period of disability because he had not been unable to work during this period. The ALJ held that although the plaintiff suffered from a severe impairment listed in Appendix I, he had not demonstrated that he could not have worked in this period, and was able to start working two days before a full five months had passed, and was thus not eligible. This decision became the Final Decision of the Secretary November 16, 1992, when the Appeals Council denied Plaintiff's request for review. That decision is now before this court on plaintiff's petition, which seeks review of the Secretary's determination. Both parties have filed motions for summary judgment. Both motions are now pending before this court.

▪ Judicial review of the Secretary's final decision under 42 U.S.C. § 405(g) is limited to two inquiries. First, whether substantial evidence in the record supports the secretary's decision. *Callais v. Schweiker,* 694 F.2d 427, 428 (5th Cir.1982), *citing* 42 U.S.C. § 405(g). Second, whether the decision complies with relevant legal standards. *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990).

On the substantial evidence issue the court is limited to determining whether there is substantial evidence in the record as a whole to support the Secretary's decision. *Jones v. Heckler,* 702 F.2d 616 (5th Cir.1983). Substantial evidence means "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir. 1981). This court may not re-weigh the evidence or substitute its judgment for that of the Secretary. *Green v. Schweiker,* 694 F.2d 108 (5th Cir.1982).

▪ Although the scope of review is narrow, the record must be scrutinized in its entirety to determine whether substantial evidence does support the secretary's findings. *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir. 1981). The four elements of proof to be weighed in determining the existence of substantial evidence are objective medical facts or clinical findings; diagnosis of examining physician; subjective evidence of pain and disability; and claimant's age, condition, and work history. *Id.* at 1077.

▪ To qualify for disability a claimant has the burden of proving a physical or mental impairment which will persist for at least twelve consecutive months and prevents the claimant from engaging in substantial gainful activity. *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985). Such an impairment must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(C). To qualify for a period of disability, which does not necessitate the paying of benefits, but does effect later findings of disability, a plaintiff must demonstrate the above factors existed for a period of at least five months. 20 C.F.R. § 404.320.

Social Security regulations provide for a five step sequential analysis of the claimant's condition. 20 C.F.R. 404.1520 (1988); *Rivers v. Schweiker,* 684 F.2d 1144 (5th Cir.1982). If it can be concluded at any step in the analysis that the claimant is disabled or not disabled, the remaining steps are not considered. 20 C.F.R. 404.1520(a). The steps in the sequential analysis are:

1. Is the claimant, at the time of review, engaged in substantial gainful employment?

   If so, the claimant is found not disabled. 20 C.F.R. 404.1520(b) (1988).

2. Does the claimant have an impairment rated as severe?

If not, the claimant is found not disabled. 20 C.F.R. 404.1520(c) (1988).

3. Does the severe impairment meet or equal an impairment listed in Appendix I?

If so, a finding of disability is automatic. 20 C.F.R. 404.1520(d) (1988).

4. Does the claimant's residual functional capacity permit him to do his past relevant work?

If so, the claimant is found not disabled. 20 C.F.R. 404.1520(e) (1988).

5. Does the claimant's residual functional capacity permit him to do other types of gainful substantial activity?

If so, the claimant is found not disabled. 20 C.F.R. 404.1520(f) (1988).

Based on the following analysis of the facts and law applied by the ALJ, this court finds that the ALJ's determination is based on incorrect application of the relevant legal standards, and thus reverses the decision of the secretary.

■ The record clearly indicates and the ALJ properly found that during the relevant period plaintiff was unemployed and suffered from AIDS, a severe impairment which is listed in Appendix I. The ALJ, however, decided that although this required a finding of disability under the relevant legal standards cited above, defendant was not entitled to a finding of disability for this period because in the ALJ's opinion plaintiff had not proved that he could not work. This is clearly error. When an unemployed plaintiff suffers from a severe impairment which meets or equals one listed in Appendix I said plaintiff is entitled to a finding of disability per se and the inquiry need go no further. 20 C.F.R. § 404.1520; Social Security Ruling 91–8P; *Spada v. Bowen,* 687 F.Supp. 188 (E.D.Pa.1988).

■ The ALJ also based his determination that plaintiff was not entitled to a period of disability on the fact that plaintiff was able to begin working again 2 days prior to a full five months from the time he ceased employment, holding that the period of disability ended the day plaintiff was able to again start working. This is also an incorrect application of the relevant law. A period of disability ends at the close of the month preceding the termination month. 42 U.S.C. § 416(i)(2)(D)(ii)(I); 20 C.F.R. § 404.321(c). The termination month is the third month following the month in which his disability ceases. 42 U.S.C. § 423(a)(1); 20 C.F.R. § 404.325. Under the relevant law, correctly applied, it is clear that plaintiff is entitled to a finding that he suffered a period of disability from August 24, 1990, until March 31, 1991.

The court concludes that the Secretary's decision is based on an incorrect application of relevant legal standards and should be reversed. The plaintiff's motion for summary judgment is GRANTED, and the decision of the Secretary is REVERSED. Plaintiff is entitled to a closed period of disability from August 24, 1990 until March 31, 1991. Plaintiff is not required to meet the five months waiting period when he again became disabled on May 31, 1991, and Defendant Secretary of Health and Human Services is ORDERED to pay Plaintiff benefits for the months following May 31, 1991.