**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 05-10514

(Summary Calendar)

———————————

WILMA JEAN PRATT,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

———————————————————————————————————————

Appeal from the United States District Court
For the Northern District of Texas
No. 5:04-CV-15-C

———————————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wilma Jean Pratt ("Pratt") appeals the decision of the district court affirming the final decision

of the Commission of Social Security ("Commissioner") denying her claim for supplemental security

———————————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

income under 42 U.S.C. § 1382c.  Pratt now argues that the Commissioner's decision that she was not disabled within the meaning of the Social Security Act because she possessed a residual capacity for substantial, gainful work was not supported by substantial evidence.                    I

Pratt applied for supplemental security income, alleging that she was unable to work due to asthma, spinal and heart problems, depression, and other divers health problems.  After her application was denied, Pratt requested a hearing before an Administrative Law Judge ("ALJ") who determined that she was not disabled within the meaning of the Social Security Act because she retained a residual functional capacity to perform light work and could perform a significant number of jobs in the national economy.  The Appeals Council denied Pratt's request for review, and Pratt then sought review of the ALJ's decision in district court.  A magistrate judge recommended that the Commissioner's decision be affirmed and the district court adopted the magistrate's report.  Pratt now appeals.

Pratt argues on appeal that the decision to deny her supplemental security income is not supported by substantial evidence.  Specifically, she argues that the ALJ erred in submitting an unsupported element of residual functional capacity in the hypothetical questions posed to the vocational expert; that the ALJ erred by rejecting certain portions of the vocational expert's testimony; that the ALJ improperly found the claimant not to be credible; and finally that the facts cited by the ALJ in support of its decision fail to contradict her showing of disabling impairments.

We review the Commissioner's final decision to determine only whether it is supported by substantial evidence.  *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) ("The Commissioner's determination that [Claimant] was not disabled . . . because he could perform available jobs must be affirmed unless that determination is either not supported by substantial evidence or involved an

erroneous application of legal standards."). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). We will not "reweigh the evidence in the record, try the issues *de novo* or substitute [our] judgment for the Commissioner's." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

## II

To determine whether an individual is disabled within the meaning of the Social Security Act, the Commissioner will follow a five-step analysis. 20 C.F.R. § 416.920 (1). Here, the first four steps are not at issue. The question is only whether Pratt retains a residual functional capacity to perform other work. *See* 20 C.F.R. § 416.920(4)(v) ("At the fifth and last step, we consider our assessment of your residual functional capacity. . . . If you can make an adjustment to other work, we will find that you are not disabled."). At this step, the Commissioner has the burden of proof to show that "there is other gainful employment the claimant is capable of performing in spite of his existing impairments." *Carey*, 230 F.3d at 135. If the Commissioner meets this burden, then the burden shifts back to the claimant to rebut this showing. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

Pratt first suggests that the ALJ improperly determined that she retained residual functional capacity because he found that she possessed a "less than moderate" impairment of concentration. The finding of residual functional capacity is amply supported by the record. The ALJ heard evidence that Claimant could read a newspaper, watch television, drive a car, and speak on the telephone all of which suggest some ability to concentrate. These activities may be taken into account when

determining disability status. *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) (citing *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990)).

Pratt then argues that the ALJ improperly rejected the vocational expert's testimony based on her hypothetical questions assuming severely disabling pain. She argues now that the record is "replete" with evidence of her severe pain that would preclude her from working. However, Claimant's testimony of pain is insufficient to establish disability. *See* 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). The ALJ's assessment of the disabling nature of the Claimant's pain is due considerable deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ heard evidence that Pratt was able to walk and move easily, despite her complaints of pain. Furthermore, "mild or moderate pain will not render a plaintiff disabled." *Newton*, 209 F.3d at 459. We disagree that the ALJ erred, as the ALJ's finding that Pratt's impairments and level of pain were not severe enough to be disabling is supported by substantial evidence.

In a related argument, Pratt argues that the ALJ's credibility findings were in error. In support of her argument, Pratt cites *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985), for the proposition that we should not uphold an adverse credibility evaluation of complaints of pain where "uncontroverted medical evidence shows a basis for the claimant's complaint." *Id.* at 395. As discussed above, the ALJ's determination that claimant's pain was not disabling is supported by substantial evidence and thus, is entirely consistent with the holding of *Cook*. The record also contains evidence of Pratt's "drug-seeking" behavior, and her refusal to undergo non-drug treatment for her pain, thereby further supporting the ALJ's determination that her complaints of disabling pain were not credible.

Finally, Pratt argues that she has carried her burden of demonstrating that she lacks the ability to perform any relevant past work. Again, we find that the ALJ's decision is supported by substantial evidence, as he specifically considered the relevant medical evidence, the testimony of the vocational expert, as well as Claimant's own testimony as to her own abilities to find that she retained residual functional capacity.

Therefore, because substantial evidence amply supports the ALJ's decision, we AFFIRM.