**Benito RODRIGUEZ, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–1070
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1988.

---

276

Mary Ellen Felps, Austin, Tex., for plaintiff-appellant.

Nathan K. Kobin, Atty., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before CLARK, Chief Judge, JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Benito Rodriguez appeals an order by the district court granting the Secretary of Health and Human Services' motion for summary judgment and affirming the Secretary's denial of Rodriguez's claim for disability benefits. We find that the Secretary's decision to deny benefits to Rodriguez was supported by substantial evidence and consequently, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Rodriguez filed an application for disability insurance benefits on September 27, 1984, because of recurring back problems. When Rodriguez's claim was disapproved, he pursued and exhausted his administrative remedies. Seeking further relief, Rodriguez complained to the district court whereupon the case was referred for findings and recommendations by the magistrate. The magistrate's report endorsed the conclusions reached by the administrative law judge (ALJ) that Rodriguez's impairments did not meet or equal the criteria of 20 C.F.R. § 404, Subpart P, Appendix 1, § 1.05(C). The magistrate's report also advised Rodriguez that pursuant to 28 U.S.C. § 636(b)(1), any objections to the findings contained in the report would need to be filed with the district court in writing within ten days of the receipt of the report.

Approximately thirty days after Rodriguez's counsel received the report, objections to the report by Rodriguez were filed. Noting the late objections, the district court nonetheless conducted a de novo review of the case and concluded that the magistrate's recommendations were on target. The court approved and adopted those findings and granted the Secretary's motion for summary judgment. Rodriguez's subsequent motion for rehearing was denied and he now appeals the order granting the Secretary's motion for summary judgment.

## II. DISCUSSION

It is the rule in this Circuit that a party is not entitled to de novo review of a magistrate's finding and recommendations

if objections are not raised in writing by the aggrieved party within ten days after being served with a copy of the magistrate's report. *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc). Similarly, the failure by the aggrieved party to file written objections to proposed findings and recommendations of a magistrate shall bar appellate review of the magistrate's factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. To invoke the bar, the magistrate's report must specifically advise the parties that objections must be so filed. *Id.*

Efficient judicial administration is encouraged by this rule. A party cannot raise for the first time on appeal challenges to factual findings not previously raised. This Court in *Nettles* expressed the rationale accordingly, "[w]e will not sit idly by and observe the 'sandbagging' of district judges when an appellant fails to object to a magistrate's report in the district court and then undertakes to raise his objections for the first time in this court." *Id.* at 410.

In the instant case, Rodriguez does not challenge the magistrate's report for the first time on appeal. His objections, albeit somewhat belated, were otherwise properly filed in the district court and were taken into account by that court in its de novo review. Since we find nothing in the record to the contrary, we assume that the district court exercised its discretion and allowed the filing of Rodriguez's objection after the ten day period.

A claimant of disability benefits under the Social Security Act bears the burden of showing that he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Upon a showing by the claimant that he or she is no longer able to continue prior employment, the burden shifts to the Secretary to show that the claimant can engage in some other type of substantial gainful activity. *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983); *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir.1981). Review by this Court of the Secretary's decision is limited to the determination of whether there was substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir.1985); *Jones,* 702 F.2d at 620. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Marcello v. Bowen,* 803 F.2d 851, 853 (5th Cir.1986).

■ It is undisputed that Rodriguez suffers from physical impairments. Indeed, those impairments may prevent Rodriguez from engaging in certain activity. The ALJ, however, properly found that the impairments were not disabling per se since they did not conform to the requisite criteria set forth in the applicable regulations.[1] The ALJ further found that Rodriguez has *no non-exertional limitations and is capable of performing a full range of sedentary* work. Moreover, the ALJ noted that Section 404.1569 of Regulation No. 4, and Rule 201.23, Table No. 1 of Appendix 2, Subpart P, Regulation No. 4, as applied to Rodriguez's circumstances direct a conclusion that he is not disabled.

Turning now to Rodriguez's specific allegations that the ALJ's findings are not supported by substantial evidence, this Court perceives four complaints. Rodriguez alleges that the ALJ erred in finding that there was no evidence of muscle spasm of sufficient duration.[2] Rodriguez

---

**1.** 20 C.F.R. Part 404, Subpart P, Appendix 1.

**2.** Persistent spinal muscle spasm is a requirement for a finding of disability per se. The pertinent guidelines are as follows:

1.05 DISORDERS OF THE SPINE

    C. Other vertebrogenic disorders (e.g. herniated nucleus pulposus, spinal stenosis) with the following persisting *for at least 3 months* despite prescribed therapy and ex-

pected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. § 404, Subpart P, Appendix 1 (emphasis added).

also argues that the record contains no evidence that he is capable of engaging in sedentary work. Further, Rodriguez contends that the magistrate's report did not reflect the method by which the determination was made that such jobs exist in the workplace. Lastly, Rodriguez complains that the magistrate failed to take into account Rodriguez's purported chronic pain. We now address each of his contentions.

Rodriguez insists that the magistrate's finding that there was no evidence of muscle spasm occurring after August 1984 was clearly erroneous. In support of his contention, Rodriguez points to a medical report prepared by his treating physician dated October 3, 1984, and insists that because the report references muscle spasm and carries an October date, it confirms the existence of muscle spasm in October. We do not agree. A careful reading of the treating physician's report reveals that although the report is dated October 3, 1984, it describes the results of a medical examination conducted the previous July. Since this report is the only basis for Rodriguez's claim that muscle spasms continued into October, the argument fails.

Rodriguez next complains that there is no evidence in the record to support the finding that he was capable of performing alternative gainful activity, namely sedentary work. A report by a consulting physician retained by the Secretary, however, indicates otherwise. That report states in unequivocal language that Rodriguez's physical condition allows him to "sit" several hours a day. Additionally, the report indicates that Rodriguez is capable of standing or walking between four and six hours without interruption in an eight hour day and that he is capable of lifting between five and fifteen pounds of weight periodically. Thus, the magistrate's finding that Rodriguez is capable of function-

ing in a sedentary job is likewise amply supported by evidence.

In his third objection to the findings of the magistrate, Rodriguez alleges that although there was a finding of severe impairment, there is nothing in the record which indicates that the correct legal standard was applied to reach that conclusion. Such a complaint is of little moment since a finding of severe impairment was to Rodriguez's advantage.[3] Moreover, the magistrate's report clearly reflects that the correct legal standard was used. *See Stone v. Heckler,* 752 F.2d 1099 (5th Cir.1985).

In his fourth objection, Rodriguez argues that the ALJ failed to indicate how the determination was made that alternative jobs existed in the workplace that would be suitable for Rodriguez. When findings of fact are made as to a claimant's age, education, transferability of skills, work experience and residual functional capacity are made, and those findings coincide with the criteria of a medical-vocational rule, then that rule dictates the proper conclusion to be reached with respect to disability. Because such findings were made by the ALJ in the instant case, the existence of jobs in the economy for a particular claimant may be established by administrative notice. *Jones* at 622; *see also, Salinas v. Schweiker,* 662 F.2d 345, 348 (5th Cir.1981); 20 C.F.R. § 416.969 (1982).

Rodriguez's last objection to the magistrate's report argues that the ALJ did not properly deal with the issue of chronic pain as a disabling condition. As the district court noted, while pain can be a disabling condition, *Cook v. Heckler,* 750 F.2d 391 (5th Cir.1985), all pain is not disabling. *Carry v. Heckler,* 750 F.2d 479, 485 (5th Cir.1985). The fact that a claimant experiences some pain or discomfort on the job does not compel a finding of disability. *Barajas v. Heckler,* 738 F.2d 641, 644 (5th

---

**3.** Evaluation consists of the following five steps. A finding of nonimpairment at the second step would have terminated the process—

    1) whether the claimant is working;

    2) whether the claimant has a severe impairment;

    3) whether the impairment meets or equals one of the disabling per se impairments listed by the regulations;

    4) whether the impairment prevents the claimant from doing past relevant work; and

    5) whether the impairment prevents the claimant from doing other work.

20 C.F.R. § 404.1520.

Cir.1984). A plaintiff's allegations of pain must be evaluated against the other evidence in the record. *Laffoon v. California,* 558 F.2d 253, 255 (5th Cir.1977). In the instant case, the ALJ considered the evidence and found that Rodriguez's allegation of disabling pain was neither persuasive or credible. The ALJ's findings on this issue are to be accorded considerable deference. *Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir.1983).

## III. CONCLUSION

We find that the Secretary's determination that Rodriguez was not disabled within the meaning of the Social Security Act to be supported by substantial evidence. For the reasons cited herein, we affirm the district court's order granting the Secretary's motion for summary judgment and therefore, because it has become moot, deny the Secretary's motion to dismiss the appeal.

AFFIRMED.