Ferrell **PERKINS**

v.

**GREGG COUNTY, TEXAS, et al.**

No. 6:94–CV–328.

United States District Court,
E.D. Texas,
Tyler Division.

June 27, 1995.

Timothy Garrigan, Longview, TX, for plaintiff.

William Kruger, Longview, TX, for defendants.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTICE, District Judge.

Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 against his former employers.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed on May 12, 1995, pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on May 12, 1995, is ADOPTED. It is therefore

ORDERED and ADJUDGED that plaintiff's motion for protective order is GRANTED.

*REPORT RECOMMENDING PLAIN-TIFF'S MOTION FOR PROTECTIVE ORDER BE GRANTED*

HINES, United States Magistrate Judge.

Pending is plaintiff's Motion for Protective Order. This motion was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and by December 16, 1994 order of Hon. William Wayne Justice, United States District Judge, for hearing and determination. On February 9, 1995, a hearing was held at which all parties, represented by counsel, were able to fully present their arguments. On February 22, 1995, the undersigned ordered plaintiff to provide a transcript of the tape-recordings in question for *in camera* review. This transcript was provided on April 24, 1995.

## I. Background

Plaintiff Ferrell Perkins brings suit against his former employers, defendants Gregg County, Texas, James E. Johnson, Craig Attaway, and Larry Nance.

During contemplation of litigation, plaintiff's mother approached Kay Davenport, Esq. for the purposes of representing plaintiff. At the time, Ms. Davenport was representing plaintiff's co-worker, Arthur Chaney, in state litigation regarding the same or similar events. Ms. Davenport suggested plaintiff record his conversations with defendants to collect information and assist him in remembering details of his communications.[1] Plaintiff stated "[his] attorney" told him to make the verbal record. Ms. Davenport ultimately declined to represent plaintiff.

Plaintiff does not assert his conversations with Attaway, Nance and others are privileged, but claims his verbal "notes," captured on the tape, are protected by the attorney-client privilege. He claims he has not shared these recordings with anyone other than prospective attorneys, including Ms. Davenport, and therefore, his privilege remains unwaived.

Defendants argue the notes constitute a mere "diary" of plaintiff's thoughts and are not protected by privilege.

## II. Discussion

■ The attorney-client privilege relates to communications made to a member of the bar or subordinate, in confidence, for the purpose of securing legal advice, assistance, or representation. *In re Grand Jury Proceedings,* 517 F.2d 666, 670 (5th Cir. 1975); *United States v. Mobil Corp.,* 149 F.R.D. 533, 536 (N.D.Tex.1993). "The privilege is based upon two related premises: (1) that an attorney needs to know all that 'relates to the client's reasons for seeking representation if the professional mission is to be carried out'; and (2) that privilege is necessary 'to encourage clients to make full disclosure to their attorneys'" *Mobil Corp.,* 149 F.R.D. at 537 (quoting *Upjohn Corp. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). Generally, courts construe the privilege narrowly, because although its purpose is to "encourage frank and full communication between attorneys and their clients and thereby promote broader public interest in the observance of the law and administration of justice," *Upjohn Corp.,* 449 U.S. at 389, 101 S.Ct. at 682, assertion of privileges inhibits the search for truth.

■ The burden of proof regarding a privilege's applicability rests on the party invoking it. *Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719 (5th Cir.1985). Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. *Id.*

■ There have been no allegations contradicting plaintiff's assertion of confidentiality. Because he has not published the statements to anyone other than attorneys from whom he sought legal advice or assistance, plaintiff has satisfied the confidentiality requirement and the privilege, if any, remains unwaived.

---

1. This lawsuit arises from the exposure to toxic chemicals. There have been allegations that such exposure inflicted brain damage upon plaintiff and may have inhibited his ability to retain information.

The question, therefore, is whether this dictation was made for the purpose of seeking legal advice and assistance. It is relevant to the case *sub judice* that the standard does not require actual representation by an attorney, that is, if one approaches a lawyer with the intent of seeking advice or representation, and the lawyer ultimately declines to represent the person, the claimant's communications may still be protected by the attorney-client privilege. *In re Auclair,* 961 F.2d 65 (5th Cir.1992).

*In camera* review of the tapes' transcripts reveal plaintiff repeatedly referred to Ms. Davenport as "my lawyer." Ms. Davenport signed a sworn affidavit on August 15, 1994, in which she stated:

> In late 1992 and early 1993 I was evaluating a case for Ferrell Perkins to see if I would represent him on a contingency fee basis in a dispute he was having with his employer. In evaluating the case I considered, among other things, several microcassettes which included notes dictated by Mr. Perkins to me ... it is my impression that Mr. Perkins dictated notes to assist me in my evaluation.

Affidavit of Kay Davenport, Attachment 2, Motion for Protective Order 1 (filed August 17, 1994).

Defendants have alleged that plaintiff never spoke to Ms. Davenport, but rather communicated with her through his mother and Chaney.[2] The record is conflicted as to who approached Ms. Davenport for plaintiff, or whether he met with her directly prior to the tape's creation. Regardless, both Ms. Davenport and plaintiff believed the notes were directed toward her, for the purpose of seeking advice or representation. This belief is supported by the context of plaintiff's recorded remarks.

Plaintiff was acting under Ms. Davenport's suggestion to record his conversations and ideas about the case for the purpose of obtaining legal advice or assistance, whether such instructions came through his mother or directly from the attorney. Plaintiff stated plainly on the tape in the presence of defendant Craig Attaway, **"My lawyer told me to carry [the recorder] ... she said whatever you all say to me, for me to tape."** In addition, the context of his notes reveal he would speak to the recorder as if he was with counsel, explaining various remarks and conversations in a professional and detached manner. This is not the way one would record a personal diary.

Consequently, plaintiff has met his burden in proving the statements were made for the purpose of seeking legal advice or assistance and are protected by the attorney-client privilege. No exception to the rule has been presented. Therefore, while plaintiff concedes the recorded discussions between plaintiff and defendants are not under the purview of the privilege, the tapes and transcripts should be redacted prior to review by defendants and defendants' counsel.

### III. Recommendation

Plaintiff's motion for protective order should be granted.

### IV. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

---

**2.** No precedent has been provided, nor any uncovered, for the principle that an intermediary may not establish the initial elements of an attorney-client relationship for purposes of privilege, so long as the communication ultimately derives from the client to the attorney.