Carl ADAMS

v.

FEDERAL AVIATION
ADMINISTRATION,
et al.

No. 9:95–CV–103.

United States District Court,
E.D. Texas,
Lufkin Division.

July 17, 1995.

Carl Adams, pro se.

*MEMORANDUM AND ORDER OVER-
RULING PLAINTIFF'S OBJEC-
TIONS AND ADOPTING REPORT OF
UNITED STATES MAGISTRATE
JUDGE*

HANNAH, District Judge.

Pending is plaintiff's motion for a tempo-
rary restraining order.

The above was referred to United States
Magistrate Judge Earl S. Hines pursuant to
Title 28 U.S.C. § 636 for findings of fact,
conclusions of law, and recommendations for
disposition on the case. The magistrate
judge has submitted a report recommending
that plaintiff's motion be denied.

This court has received and considered the
Report and Recommendation of the United
States Magistrate Judge, along with the rec-
ord, pleadings and all available evidence.
Plaintiff filed objections to the report and
recommendation. This requires a *de novo*
review of the objections in relation to the
pleadings and the applicable law. *See* FED.
R.CIV.P. 72(b).

## I.  Background

Plaintiff sues the Federal Aviation Admin-
istration ("FAA"), National Transportation
Safety Board ("NTSB"), and ten named de-
fendants, all FAA or NTSB employees or
witnesses in administrative proceedings con-
ducted against plaintiff. Plaintiff alleges de-
fendants conspired to wrongfully deprive him
of his aviation inspection license. Plaintiff
seeks four million, forty thousand dollars in
damages and reinstatement of all licenses,
certificates, and authorizations ever held by
him.

## II.  The Magistrate Judge's Report

The magistrate judge recommended the
motion for a temporary restraining order be
denied because plaintiff had not demonstrat-
ed both immediate and irreparable harm, as
required by Federal Rule of Civil Procedure
65(b), because if plaintiff succeeds, money
damages will provide a complete remedy.
The magistrate judge also reasoned that
plaintiff has not demonstrated a significant
probability of success on the merits of his
claim to warrant extraordinary ex parte re-
lief.

## III.  Objections

Plaintiff objects to the denial of the tempo-
rary restraining order because he is the sole
breadwinner in his family. He argues irrep-
arable harm has resulted from the action of
defendants, due to deprivation of income.
He states he has "no objection" to defen-
dants "being notified" of a hearing.

## IV. Discussion

While unfortunate that plaintiff cannot pursue his preferred occupation due to suspension of his aviation inspector's license, the magistrate judge's rationale is sound—plaintiff has not demonstrated irreparable injury sufficient to warrant ex parte relief. If plaintiff ultimately prevails, plaintiff possesses an adequate remedy at law for his claim in his request for damages. This is the judicial philosophy of compensatory damages, to make a plaintiff "whole." Additionally, prospective injunctive relief has not been entirely foreclosed.

Grant of ex parte relief is an extraordinary remedy and should be reserved for the most egregious of all harms, that which can never be cured.

Accordingly, plaintiff's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.**

It is therefore **ORDERED** that plaintiff's Motion For Temporary Restraining Order is **DENIED.**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Plaintiff brings this action against the Federal Aviation Administration ("FAA"), National Transportation Safety Board ("NTSB"), and ten named defendants, all FAA or NTSB employees or witnesses in the administrative judicial proceedings conducted against plaintiff.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case.

## I. Background

Plaintiff alleges defendants conspired to wrongfully deprive him of his aviation Inspection license by conducting defective hearings, ignoring evidence, and ultimately, suspending his license. Plaintiff seeks four million dollars in punitive damages, that is, one million for each case prosecuted against him, forty thousand dollars in compensatory damages, and the "immediate reinstatement of all licenses, certificates, and authorizations ever held by plaintiff."

## II. Discussion

Federal Rule of Civil Procedure 65(b) provides

A temporary restraining order may be granted without written or oral notice to the adverse party of that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney [or the pro se party] certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

In addition to allegations of immediate and irreparable harm, the party seeking a temporary restraining order must show some probability of success on the merits of the case. *See* 11A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2951.

Plaintiff has in no way asserted immediate, irreparable harm will occur if he is not immediately granted relief. Generally, he asserts only that he does not want to wait. This is not a request suitable for a temporary restraining order.

In addition, one cannot say plaintiff has a "probability" of success on the merits. While it is, of course, too early to assess the minutiae of plaintiff's case, the gravamen of plaintiff's claim may be precluded by immunity.[1]

---

1. Hearing officers and administrative law judges are entitled to immunity for activities conducted within the scope of their quasi-judicial role, including the conduct of hearings and the imposi-

Additionally, the subject matter hinges on his interpretation of proceedings brought against him by the FAA, and therefore presents a difficult assessment of success.

Plaintiff's lawsuit rests on wrongful termination, or rather, wrongful deprivation of his license. These lawsuits are tried every day without the benefit of a temporary restraining order, and there are no circumstances indicating plaintiff's case is in any way deserving of such extraordinary relief.

### III. Recommendation

Plaintiff's motion for a temporary restraining order should be denied.

### IV. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–277 (5th Cir.1988).

tion of penalties. *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913–14, 57 L.Ed.2d 895 (1978) ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages.").