IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11096
Summary Calendar

_____

BOBBY M. EAVES,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner
of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-264-C
_____
January 2, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bobby M. Eaves contends that the Commissioner's decision to deny him disability insurance benefits is not supported by substantial evidence because: 1) the ALJ failed to give appropriate credit to the opinion of his treating physician; 2) the ALJ did not properly weigh his credibility; 3) the ALJ erred in not determining that his impairment met the criteria of the listing in Appendix 1, Subpt. P. Reg. 4 § 11.10; and 4) the ALJ

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by relying on the testimony of the vocational expert as to jobs he was capable of performing.

Our review of the record persuades that the ALJ did not err in determining that the treating physician's finding of total disability was not supported by the objective findings in the record. Although the record supports a finding that appellant's condition is slowly deteriorating and may worsen, the objective medical evidence establishes that he retained muscle strength in his upper and lower extremities, except for a decrease thereof in his hands and fingers. The ALJ was entitled, indeed obliged, to weigh the treating physician's testimony in light of contrary medical evidence in the record.[1]

Nor did the ALJ err by making a credibility determination respecting Eaves' subjective complaints. Evaluating such is within the province of the ALJ, who had the opportunity to observe the claimant. Such credibility determinations are to be treated with deference by the court.[2] The record reflects that the ALJ considered Eaves' subjective complaints of pain and disability in conjunction with the objective medical findings in assessing his residual functional capacity. The ultimate determination that Eaves was not totally disabled by his pain is supported by substantial evidence.

Further, the ALJ did not err in determining that Eaves' impairment did not meet the criteria required in listing § 11.10 of Appendix 1. The medical evidence did not show that Eaves suffered a "[s]ignificant and persistent disorganization of motor functions in two extremities, resulting in sustained disturbances of gross and dexterous movements, or gait and station." Appendix 1, Subpart P, Regulation No. 4, § 11.04(B). Accordingly,

_____

[1]Greenspan v. Shalala, 38 F.3d 232 (5th Cir. 1994).

[2]Harrell v. Bowen, 862 F.2d 471 (5th Cir. 1988); Rodriguez v. Bowen, 857 F.2d 275 (5th Cir. 1988).

the record does not contain substantial evidence in support of a finding that Eaves' impairment met the criteria for the listed impairment in § 11.10.

With respect to Eaves' contention that the ALJ erred in relying on the vocational expert's testimony which was in conflict with the statements in the Dictionary of Occupational Titles regarding the physical demands of the jobs the expert testified that Eaves was capable of performing, we have determined that if there is any implied or indirect conflict between the expert's testimony and the information contained in the said Dictionary, the ALJ may rely on the expert's testimony if the record provides an adequate basis to do so.[3] However, we have also determined that in the case of a direct conflict between the vocational expert's characterization of the exertional level or skills required to perform a particular job and the Dictionary's statement of the necessary physical requirements for the job, a remand may be required to further explore the issue.[4]

The vocational expert testified that the jobs that he listed as available to Eaves did not involve fine manipulation, handling, reaching, feeling, pushing, or pulling. The expert testified that some of the jobs required only minimal writing skills. The Dictionary notes that the listed jobs required handling and the use of fine motor skills, or the ability to keep legible written records. The ALJ relied on the vocational expert's testimony regarding the jobs available that Eaves was capable of performing in determining that there are a significant number of jobs in the economy that Eaves could perform.

---

[3]Carey v. Apfel, 230 F.3d 131 (5th Cir. 2000).

[4]Id.

In light of the direct conflict between the two authorities with respect to the physical demands of the jobs, the absence of an explanation in the record by the vocational expert as to why he deviated from the job descriptions contained in the Dictionary of Occupational Titles, and the ALJ's reliance on the vocational expert's testimony, the matter appealed is REMANDED to the ALJ for an appropriate exploration of the conflict between these two sources and an ultimate resolution consistent therewith. The rulings of the Commissioner on the other claims raised by Eaves are AFFIRMED.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.