Margaret CHAMBERLAIN

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration

No. 1:04–CV–726.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 15, 2005.

---

Plaintiff pro se (Margaret Chamberlain), for Plaintiff.

Martin Wayne Long, for Defendant.

### *MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

CRONE, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a Report and Recommendation which recommends dismissal for lack of subject-matter jurisdiction.

Plaintiff filed timely objections to the magistrate judge's Report and Recommendation. This entitles plaintiff to a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

The court has received and considered the record, pleadings, and all available evidence. After careful consideration, the court concludes that the magistrate judge correctly determined that this court lacks subject-matter jurisdiction because plaintiff has not exhausted administrative remedies. Consequently, plaintiff's objections are without merit.

When—as here—an action has been remanded previously for further consideration, a claimant dissatisfied with the ensuing decision may elect not to file exceptions. If the Appeals Council does not review the case *sua sponte,* the decision becomes the Commissioner's final decision after sixty days. 20 C.F.R. § 404.984(d) (2004). The claimant may then institute an action for judicial review. Here, however, plaintiff filed exceptions, thus triggering further administrative review, which is not yet complete. Having elected to pursue her additional administrative remedies, plaintiff must await a final decision from the Appeals Council before bringing suit.

The court would lack subject-matter jurisdiction had plaintiff not elected to file exceptions. Plaintiff initiated this action sooner than sixty days after the administrative law judge's decision on remand. Hence, the decision was not final when plaintiff brought suit.

Finally, the court cannot construe plaintiff's pleadings as a motion for contempt seeking to enforce the judgment previously entered in Cause No. 1:01cv590. That final judgment instructed the Commissioner to reconsider her decision and (1) recalculate plaintiff's primary insurance amount, permanent reduction factor, and perma-nent upward adjustment factor; (2) account for the ALJ's determination of overpayment to plaintiff; (3) verify amounts and confirm propriety of deductions for work or other adjustments; (4) explain reasons for withholding benefits after plaintiff attained age 70; and (5) refund amounts improperly withheld, if any. The judgment did not command the Commissioner to make any particular findings or to award benefits in any particular amount. Therefore, plaintiff's dissatisfaction with the Commissioner's subsequent actions cannot serve as a basis for contempt proceedings.

When the Appeals Council completes its review, the Commissioner's decision will then become final. If plaintiff remains dissatisfied with the result, she can institute suit for judicial review at any time within sixty days thereafter.

### ORDER

Accordingly, plaintiff's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment of dismissal for lack of subject-matter jurisdiction will be entered. Plaintiff may seek judicial review once the Appeals Council enters a final decision.

### *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 & App. B, R.1(H) for the Assignment of

Duties to United States Magistrate Judges, and Beaumont General Order 04–02.

### I. Nature of the Case

In an earlier, related action, plaintiff appealed the Commissioner's final decision regarding computation of old-age insurance benefits. On August 5, 2003, the court entered final judgment, remanding the action to the Commissioner for further consideration.[1]

Proceeding *pro se,* plaintiff filed the instant action on November 22, 2004, claiming that the Commissioner has not followed the court's instructions and refuses "to pay Plaintiff her present and past due Social Security benefits and willfully and intentionally withhold[s] substantially all or part of her benefits after age 70." Pl.'s Compl. At p. 1 (Dkt.I). The Commissioner responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction, averring that plaintiff has not exhausted her administrative appeal remedies. Deft.'s Mo. At p. 1 (Dkt.7). No transcript of administrative proceedings has been filed in this action.

1. The final judgment instructed the Commissioner to take the following action:
   I. Recalculate plaintiff's primary insurance amount taking into account all relevant factors (pre-retirement earnings, quarters of coverage, cost of living adjustments, and post-retirement earnings, etc.) from inception to date;
   II. Recalculate a permanent reduction factor, if any, to plaintiff's monthly benefit attributable to early retirement utilizing the *lesser* factor resulting from application of the reduction period (42 U.S.C. § 402(q)(6)) or adjusted reduction period (42 U.S.C. § 402(q)(7));
   III. Recalculate a permanent upward adjustment factor attributable to 35 early retirement credits as determined by ALJ Moore;

### II. Discussion

Plaintiff argues a threshold matter: whether the Commissioner's response to the complaint is proper under Federal Rules of Civil Procedure. If not, the Commissioner has failed to respond timely to the pleading. If so, this report will consider whether the court has subject matter jurisdiction over plaintiff's claim.

### A. Sufficiency of Commissioner's Response to Complaint

#### 1. *Argument*

Plaintiff seeks to have the Commissioner's "Motion to Dismiss Plaintiff's Complaint" (Docket No. 7) stricken from the record. Citing Rule 7(a), Federal Rules of Civil Procedure, plaintiff argues that the Commissioner's motion to dismiss is an improper pleading because it is not an "answer" to her complaint. *See* "Plaintiff's Motion to Strike" (Docket 9), p. 2–3. The Commissioner did not respond to plaintiff's motion.

#### 2. *Legal Standards*

Rule 12(a)(3)(A), Federal Rules of Civil Procedure, states:

   IV. Account for ALJ Mast's determination that plaintiff was overpaid $3,264.30, and verify that plaintiff has received the full benefit of ALJ Mast's waiver of recovery of such sum; and
   V. Verify amounts and confirm propriety of the "deductions for work or other adjustments" aggregating $8,066.97 in 1994, 1996, and 1997, as reflected in plaintiff's "Social Security Benefit Statement" (Forms SSA–1099).
   Upon remand, the Commissioner also should explain the reasons for withholding any benefits after plaintiff attained age 70, and refund any amounts improperly withheld.
   Chamberlain v. Commissioner, 1:01cv590, docket no. 23.

"The United States, an *agency* of the United States ... shall serve an answer to the complaint...within 60 days after the United States attorney is served with the pleading asserting the claim."

Fed.R.Civ.P. 12(a)(3)(A) (emphasis added).

Rule 12(b), Federal Rules of Civil Procedure, states:

"Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter.*"

Fed.R.Civ.P. 12 (emphasis added).

### 3. *Application*

■ Plaintiff perfected service of the complaint on December 7, 2004 (see Docket No. 4). The Commissioner filed "Motion to Dismiss Plaintiff's Complaint" (Docket No. 7) on February 1, 2005, well within the 60 days allowed for response. Therefore, the Commissioner's response was filed within the requisite time period.

The Commissioner's motion to dismiss asserts lack of subject matter jurisdiction as grounds for dismissal of this action. Rule 12(b), Federal Rules of Civil Procedure, allows the Commissioner the option to respond to plaintiff's complaint by such motion. Thus, the Commissioner's motion to dismiss is a proper response to plaintiff's complaint under Federal Rules of Civil Procedure.

## B. Subject Matter Jurisdiction

Federal Rules of Civil Procedure provide courts with effective mechanisms to identify and weed out claims that have no possible chance of success before they proceed to full-scale trials. Rule 12(b), for example, specifies certain defenses that may be asserted by pretrial motion. Generally, Rule 12 motions to dismiss argue that there is some substantive defect in the plaintiff's case such that defendant is entitled to judgment even if plaintiff's factual allegations are true.[2] In the instant case, the Commissioner's Rule 12(b) motion seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction.

### 1. *Competing Arguments*

The Commissioner's motion to dismiss avers that, following remand of plaintiff's initial appeal, an administrative law judge issued a favorable decision on July 28, 2004, and that plaintiff filed "written exceptions with the ALJ and the Appeals Council" on August 7, 2004. Deft.'s Mo. At p. 2. The Commissioner further avers that "the exceptions filed by Plaintiff have not been ruled upon by the Appeals Council." *Id.* The Commissioner argues that the court lacks subject matter jurisdiction because no "final decision" has been entered by the Appeals Council. *Id.* At p. 4.

Plaintiff does not contest that the Appeals Council has not issued a final decision. Instead, referring to her original claim in this court, plaintiff asserts that she "has exhausted her administrative remedies ... [which] resulted in a Final Judgment in the first case No. 1:01cv590." Pl.'s Mo. To Strike at p. 4 (Dkt. No. 9).

### 2. *Legal Standards*

■ The term, "subject-matter jurisdiction," pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d

---

**2.** Defenses included in Rule 12(b) motions include: lack of jurisdiction over the subject-matter or person, improper venue, insufficiency of process or service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19. Rule 12(c) motions move for a judgment based on the pleadings, similar to a summary judgment under Rule 56, but without considering evidence outside of the pleadings.

760 (1999). Subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). No action of the parties can confer subject-matter jurisdiction upon a federal court. Similarly, a federal trial court not only may, but must raise lack of subject-matter jurisdiction on its own motion when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

The Social Security Act confers jurisdiction on United States district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975) ("[A] final decision of the [Commissioner] made after a hearing .... [is] central to the requisite grant of subject-matter jurisdiction"); *see also Sims v. Apfel*, 530 U.S. at 107, 120 S.Ct. at 2083 ("If a claimant fails to request review from the Council .... [the] claimant may not obtain judicial review because he has failed to exhaust administrative remedies.").

■ A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *Sims v. Apfel*, 530 U.S. at 106–07, 120 S.Ct. at 2083 (citing *Weinberger v. Salfi*). Exhaustion of administrative remedies requires a claimant to:

1. Present a claim and receive an initial determination and, if dissatisfied -

2. Request reconsideration of the initial determination and, if dissatisfied -

3. Request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge -

4. Request review by the Appeals Council.

20 C.F.R. § 404.900(a)(1)-(4) (2004). The Commissioner's decision is final, and the claimant may seek federal court review, only when the claimant has "completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4)." *Id.* § 404.900(a)(5). *See Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987) ("[T]he regulatory scheme provides that a 'final decision' allowing judicial appeal is rendered by the Secretary for the purposes of section 205(g) of the Social Security Act when the Appeals Council either reviews or denies review of the ALJ's decision").

■■ However, the Commissioner may waive exhaustion of administrative remedies. *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976) (construing *Weinberger v. Salfi*—"Implicit in Salfi however, is the principle that this condition [Commissioner's final decision] consists of two elements .... The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted."). Absent the Commissioner's waiver, the court may find that exhaustion of administrative remedies is not necessary when (a) a constitutional claim presented on appeal is collateral to a substantive claim of entitlement to benefits, or the claim (b) demonstrates that erroneous denial of relief sought will cause irreparable harm, and (c) demonstrates that exhaustion of administrative remedies is futile.[3] *Mathews v. Eldridge*,

---

**3.** It is not clear whether the Supreme Court required the presence of all three elements to find waiver of exhaustion. The Court of Appeals for the Fifth Circuit considered the issue of irreparable harm as separate and distinct from whether the claim is collateral. After

424 U.S. at 330–32, 96 S.Ct. at 900–01; *see also Home Health Care, Inc. v. Thompson,* 2002 WL 22025, *3 (E.D.La.2002).

▌ The court's discretion to find waiver of exhaustion is limited, however. The claim cannot be collateral so as to invoke waiver of exhaustion if the court must make a factual determination based on an administrative inquiry. *Affiliated Professional Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (1999) ("[T]he exhaustion requirement is applicable to a constitutionally-based claim when that claim is 'inextricably intertwined' with a substantive claim of administrative entitlement") (citing *Mathews v. Eldridge; Weinberger v. Salfi* ). Furthermore, if the agency's wrongful decision can be rectified with retroactive payments, the claim presents no danger of irreparable harm or futile pursuit of administrative remedies. *See Mathews v. Eldridge* 424 U.S. at 330–32, 96 S.Ct. at 900–01. Therefore, waiver of exhaustion does not apply.

3. *Application*

The Commissioner's motion includes a declaration dated January 31, 2005, from Jean–Claude Aumont of the Office of Hearings and Appeals, Social Security Administration, which states that the agency's records show:

"[O]n July 28, 2004, an Administrative Law Judge issued a favorable decision.

On August 7, 2004 the plaintiff, dissatisfied with the hearing decision, filed written exceptions (Exhibit 2). On November 22, 2004, plaintiff also filed a civil action. However, as of this date, the exceptions submitted by plaintiff are still pending consideration by the Appeals Council."

"Declaration of Jean–Claude Aumont" (Docket 7–2), at p. 3. Plaintiff does not contest the Commissioner's evidence nor proffer any proof that the Appeals Council has ruled on her exceptions. Instead, plaintiff relies on the final judgment rendered in her previous action in this court, to assert jurisdiction over the instant claim.

▌ However, the court's jurisdiction over a previous action does not create automatic jurisdiction over this claim. Plaintiff's previous action resulted in final judgment, remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g).[4] Upon remand, the Administrative Law Judge entered a decision which was not part of the original claim before the court. Plaintiff's complaint regarding that decision is still in the administrative appeals process. The Appeals Council has not rendered a final decision on her exceptions to the hearing decision. Therefore, plaintiff has not exhausted administrative remedies.

finding that a constitutional claim was not collateral to the demand for benefits, the court stated: "A more difficult issue, however, is whether the facts of this case give rise to a sufficient threat of irreparable harm so as to justify waiver of the administrative exhaustion requirement" and proceeded to analyze that element separately. *Affiliated Professional Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999).

4. 42 U.S.C. § 405(g) provides for remand of social security appeals in two situations, referred to as "sentence four" and "sentence six" remands. In sentence four cases, after

considering the pleadings and transcript of the record, the court may order remand in conjunction with a judgment affirming, modifying, or reversing the decision of the Commissioner. A sentence four remand may issue upon the court's examination of the pleadings and transcript of the record. *See* 42 U.S.C. § 405(g). The plaintiff prevails in a sentence four remand because judgment is entered and the litigation is terminated. The court does not retain jurisdiction after remanding the case to the Commissioner. *See Shalala v. Schaefer,* 509 U.S. 292, 301, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993).

Then should the court find waiver of the exhaustion requirement? Plaintiff asserts no constitutional claim which could be construed as collateral to her claim for benefits; therefore exhaustion of administrative remedies cannot be waived on that basis.

Thus only the danger of irreparable harm and futility of pursuing administrative remedies can provide a basis for the court to find exhaustion unnecessary. Plaintiff avers that the ongoing nature of her claim "has become harmful to her health and is life-threatening because of serious medical ailments." "Pl.'s Demand for Entry of Final Judgment" (Docket No. 11), at p. 2. However, plaintiff presents no evidence in proof of that statement. Nor does plaintiff present proof that ultimate award of benefits will not right the wrong which she believes she has suffered.

The court does not have subject matter jurisdiction over plaintiff's claim, because she has not exhausted administrative remedies. This case provides no basis for the court to find waiver of the exhaustion requirement.

### RECOMMENDATION

This case should be dismissed for lack of subject matter jurisdiction.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. I(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v.*

*United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).