**Eric VON DRAKE**

v.

**UNITED STATES of America.**

**No. 1:06–CV–226.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 2, 2006.

Eric Von Drake, Richardson, TX, Pro se.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court referred this case to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

The magistrate judge recommended that *pro se* plaintiff's action be dismissed for lack of subject matter jurisdiction. No objections have been filed.

The court has considered the magistrate judge's report and concludes that the findings of fact and conclusions of law of the magistrate judge are correct. Accordingly, the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that plaintiff's action is **DISMISSED** for lack of subject matter jurisdiction. It is further

**ORDERED** that the reference to the magistrate judge is **VACATED.**

The court will enter final judgment separately.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This action is assigned for trial to Hon. Thad Heartfield, United States district judge. It is referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636 and General Order 05–07.

### I. NATURE OF SUIT

Petitioner is Eric Von Drake, a resident of Richardson, Texas. Petitioner proceeds *pro se* and *in forma pauperis*.

On April 20, 2006, petitioner filed an application requesting judicial review to "reinstate firearm privileges" and to "receive firearm information" from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Petitioner argues that a crime for which he was convicted in 1990 was a non-violent felony and he has since committed no other crimes. He also requests that the court order the ATF to disclose to him a list of ammunition no longer available under commercial trade.

### II. FACTUAL BACKGROUND

On August 14, 1990, in the Eastern District of Virginia, petitioner pled guilty to producing false identification cards, a violation of Title 18, United States Code, Section 1028(a)(1). On October 17, 1990, The Honorable Robert G. Doumar, United Stated district judge, sentenced petitioner to 141 days of imprisonment, which was petitioner's time already served. Upon release, defendant also served a supervised release term of 24 months. In 1990, the

maximum punishment for this crime was 5 years.

## III. JUDICIAL REVIEW UNDER SECTION 925(C)

Federal law prohibits convicted felons from possessing firearms. The Attorney General is authorized to reinstate a convicted felon's firearm privileges if it is established that the applicant will not act in a "manner dangerous to public safety" and reinstatement would not be "contrary to public interest." *See* 18 U.S.C. § 925(c) (2006).[1] The Attorney General delegates the authority to reinstate firearm rights and privileges to the ATF. *See* 27 C.F.R. §§ 478.11 (2005). An application for such relief must be filed with the ATF's Director. *See* 27 C.F.R. § 478.144(b) (2005). When an application is denied, an applicant may seek judicial review from a "United States district court." *United States v. Bean*, 537 U.S. 71, 74, 123 S.Ct. 584, 154 L.Ed.2d 483 (2002) (citing 18 U.S.C. § 925(c)); *United States v. McGill*, 74 F.3d 64, 66 (5th Cir.1996).

The word "review" dictates that the "district court's responsibility in this statutory scheme signifies that a district court cannot grant relief on its own, absent an antecedent actual denial by ATF." *Bean*, 537 U.S. at 78, 123 S.Ct. 584 (interpreting 18 U.S.C. § 925(c)). Essentially, absence of an *actual* denial of an application by the ATF precludes judicial review under § 925(c). *Bean*, 537 U.S. at 78, 123 S.Ct. 584.

In *Bean*, the Court noted that Congress has *denied* funding for the ATF to investi-gate and act upon applications for relief from federal firearm disabilities since 1992. *Bean*, 537 U.S. at 74, 123 S.Ct. 584. Since *Bean*, Congress has continued to bar such funding.[2] In *United States v. McGill*, the circuit court observed that, in light of the appropriations bar by Congress, all relief from federal firearm disabilities for individuals under 925(c) is *suspended.* 74 F.3d at 68. Inaction by ATF does not amount to a "denial" within the meaning of Section 925(c). *Bean*, 537 U.S. at 74, 123 S.Ct. 584. ATF must actually deny an application to trigger a right to judicial review. *Id.* at 78, 123 S.Ct. 584.

## IV. DISCUSSION AND ANALYSIS

Petitioner makes no assertion nor provides any proof that he has made an application to the ATF for reinstatement of firearm rights and privileges. A court cannot review an original application to remove firearm disabilities. *See McGill*, 74 F.3d at 66. In *Bean*, the Supreme Court clearly held that the legislative intent of the statute was to bestow upon the court the limited authority to judicially review a *denial. See* 537 U.S. at 77, 123 S.Ct. 584. In absence of an actual denial, the court is precluded from review under § 925(c). *Id.*

Even if there were an actual denial by ATF, the statute further provides, "[a]ny person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he *resides." See* 18 U.S.C. § 925(c) (emphasis added). Because petitioner re-

---

1. Specifically, Section 925(c) provides that:

   A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws ... and the Attorney General may grant such relief.... Any person whose application is denied by the Attorney General may file a petition with the United States district court ... for a judicial review of such decision. *See* 18 U.S.C. § 925(c).

2. *See* Consolidated Appropriations Act, 2005, Pub.L. 108–477, 118 Stat. 2859; Consolidated Appropriations Act, 2004, Pub.L. 108–199, 118 Stat. 53; Consolidated Appropriations Act, 2003, Pub.L. 108–7, 117 Stat. 433.

sides in Richardson, Texas, located in the Northern District of Texas, venue is not proper in the Eastern District of Texas, Beaumont Division.

### V. RECOMMENDATION

This action should be dismissed for lack of subject matter jurisdiction.

### VI. OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R.CIV.P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir.1996) (en banc).

May 11, 2006.