United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10406
Summary Calendar

ISMAEL LOREDO,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 1:04-CV-0052-C)
_____
_____

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a final decision of the Commissioner denying Loredo's

claim for disability insurance (DIB) and supplemental security income (SSI) benefits

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under Titles II and XVI of the Social Security Act, (42 U.S.C. § 401 et seq.). We dismiss Loredo's appeal for the following reasons:

1.  Loredo has failed to present a sufficient basis to confer subject matter jurisdiction on this court. Loredo originally brought this action in federal district court pursuant to 42 U.S.C. § 405(g), for review of the Commissioner's final decision denying DIB and SSI. We typically have jurisdiction to review a judgment of the district court in such cases pursuant to 28 U.S.C. § 1291.

2.  In this case, however, Loredo is not appealing the final judgment of the district court, citing no substantive error in the decision of that court, nor any specific error on the part of the magistrate or the ALJ. Rather, Loredo seeks to bar application of the rule set forth in <u>Douglass v. United Services Auto Ass'n</u>, 79 F.3d 1415, 1417 (5th Cir. 1996), which limits review of an unobjected-to report and recommendation to plain error, by complaining about the district court's Electronic Case Filing (ECF) System, and asserting that he did not receive adequate notice of the magistrate's report and recommendation and thus was unable to assert timely objections thereto. The only relief Loredo requests from this court is remand to the district court for an opportunity to lodge such objections.

3.  Loredo's contention that he was not properly served by the ECF system was not raised in the district court. Loredo failed to take advantage of the

2

procedural mechanisms available to alert the district court to his complaints and thus gave the court no occasion to grant or deny Loredo the opportunity to present his objections to the report and recommendation.[1]  Accordingly, there is no decision by the district court on this issue for us to review.

4.      We note that, even if we were to find subject matter jurisdiction over this appeal, Loredo's claim is without merit.  Loredo consented to electronic service by virtue of his counsel's signed registration as an ECF user and the district court's standing order designating this case for enrollment in the ECF system.[2]   Review of the record reflects that, contrary to his assertion, Loredo was properly served electronically with the magistrate's report and

---

[1]  Loredo could have, for example, filed a Motion to Alter or Amend Judgment, asking the court to address the question of whether or not it was proper to serve notice of the report and recommendation via electronic service.  See FED. R. CIV. P. 59(e).  Such a motion could have been filed within ten days after entry of the March 28, 2006 judgment as required by the rule because Loredo's notice of appeal, filed April 7, 2006, was filed within this period.  Loredo also could have asked the district court to exercise its discretion to consider late-filed objections.  See Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988) (noting that the district court's "allow[ing] the filing of [a petitioner's] objection after the ten day period" was an exercise of its discretion).

[2]  Both the district court's ECF procedures manual, by which registered users agree to be bound, and its ECF attorney/user registration form state that ECF registration "constitutes consent to the Clerk of Court to transmit notice of entries of judgments and orders . . . by electronic transmission," and that the registered user "agrees that the e-mailing of the '"Notice of Electronic Filing'" by ECF constitutes service of the filed document on that registered user . . . ."  Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure provides that service is made by "[d]elivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission."

recommendation via email to his counsel.

DISMISSED.